UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GERALD J. CARBO, JR.                       CIVIL ACTION

VERSUS                                     NO: 12-3007

CHET MORRISON SERVICES, LLC.              SECTION: "J" (4)


### ORDER AND REASONS

Before the Court is Plaintiff's **Motion to Sever Cure Claim and Expedited Trial for the Cure Claim (Rec. Doc. 22)** and Defendant's opposition thereto (Rec. Doc. 23). Plaintiff's motion was set for hearing on August 14, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Plaintiff's motion should be **DENIED** for the reasons set forth more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This maritime action arises out of a Jones Act claim for negligence as well as general maritime claims for unseaworthiness, maintenance and cure, and wages. Plaintiff Gerald J. Carbo, Jr. ("Mr. Carbo") alleges that on or about

1

January 1, 2012, he was injured when he fell while working as a seaman on Defendant Chet Morrison Services, LLC's ("Morrison") vessel, the M/V Caroline Morrison. Mr. Carbo alleges that he suffered a large subcutis hematoma on his left thigh as a result of the fall for which injury he was under the care of Dr. Brett Casey. Mr. Carbo alleges that in November 2012, he began to experience problems with his right knee. Subsequently, Mr. Carbo filed his Seaman Complaint on December 19, 2012.

Following the filing of his complaint, Mr. Carbo alleges that he was unhappy with Dr. Casey's care and engaged the services of a different physician, Dr. Tim Finney. Dr. Finney opines that, though Mr. Carbo had pre-existing osteoarthritis in the right knee, the change in Mr. Carbo's gait, attributable to the left thigh hematoma, aggravated Mr. Carbo's right knee. Consequently, Dr. Finney is of the opinion that Mr. Carbo is a candidate for total right knee arthroplasty.

Following Dr. Finney's diagnosis, Mr. Carbo sent a demand to Morrison asking it to guarantee the cost of the proposed surgery pursuant to its obligation of cure. Morrison did not agree to guarantee the cost, and arranged for Mr. Carbo to be evaluated by Dr. Chris Cenac. Dr. Cenac agrees that Mr. Carbo is a candidate for total knee arthroplasty, but does not agree that the right

2

knee issues are related to the alleged left thigh injury, but rather he believes that Mr. Carbo's need for total right knee arthroplasty likely pre-dates the left thigh injury. Mr. Carbo alleges that, without the proposed surgery, the pain in his right knee will only continue to increase. On July 17, 2013, Mr. Carbo filed the instant motion to sever his cure claim and expedite trial on the severed claim. Morrison filed its opposition on August 1, 2013.

## PARTIES' ARGUMENTS

Mr. Carbo argues that, as noted in Tate v. American Tugs, Inc. 634 F.2d 869, 871 (5th Cir. 1981), a seaman is not obligated to bring his claims for maintenance and cure together with his other claims, and that if he does bring the all of his claims together, he may later move for severance and expedited trial of his cure claim. In making this determination, Mr. Carbo urges the Court to consider the following factors, extracted from Martinez v. Edison Chouest Offshore, Inc., 00-2930, 2001 WL 6726 (E.D. La. Jan. 2, 2001)(Vance, J.): (1) "plaintiff's interest in an expediting [sic] trial of these issues," (2) "the proximity of the scheduled trial date," (3) "whether plaintiff has requested a jury trial," and (4) "whether the nonmoving party opposed the

motion." (Pl.'s Memo., Rec. Doc. 22-1, p. 3-4). Considering these factors, Mr. Carbo argues that "he will be subjected to undue pain and suffering" and that "[i]t is in the interest of justice that his claim for cure be severed and tried expeditiously."(Pl.'s Memo., Rec. Doc. 22-1, p. 4)

Morrison agrees that the cure claims may be severed and tried expeditiously, and that the Court should consider the above-listed factors in deciding the instant motion. Defendant argues, however, that the factors weigh against granting Mr. Carbo's motion. In addition to the these factors, Morrison urges the court to consider (a) "whether medical testimony needed in the separate cure trial will be duplicative of the main trial" and (b) the ongoing need for discovery. (Def.'s Opp. Rec. Doc. 23, p. 3)

Applying these factors, Morrison contends that the Mr. Carbo's interest in expediting the claim is low because (a) all of Mr. Carbo's medical bills related to the fall have been paid to date, and (b) he has applied for and should be receiving disability payments.[1] Morrison further contends that a jury trial is scheduled for November 18, 2013, which was only four months

---

[1] Note that while the interrogatory answer attached to Defendant's opposition as Exhibit A shows that Mr. Carbo applied for disability, it does not say that he was approved at the time of his response. (Def. Opp., Exh. A., Rec Doc. 23-1, p. 2)

away at the time the motion was filed, and is now only three
months away. Morrison argues that there will be significant
overlapping issues in the trial on the cure claim and the main
trial, including (a) whether the incident occurred, (b) whether
the injury resulted from Mr. Carbo's willful conduct, and (c)
whether Mr. Carbo's pre-existing injuries are the cause of his
injury. In addition to the overlapping issues, Morrison argues
that the cure trial would require duplicative expert testimony.
Finally, Morrison argues that, because counsel for Mr. Carbo has
been out of town for another trial, Morrison has yet to depose
Mr. Carbo or his treating physician, and that it has the right to
investigate the cure claim. Morrison argues that, even if the
cure claim is severed, it will still need time to conduct such
discovery.

Morrison urges the Court to analogize the instant matter to
Raffield v. Y & S Marine, Inc., 06-10758, 2008 WL 89006 (E.D.
La., Jan. 7, 2008)(Lemelle, J.) wherein the Court denied a motion
to sever and expedite cure claims, despite the plaintiff's
interest in having surgery, because (a) a jury trial was
scheduled within three months, (b) such a delay in treatment was
not likely to materially change the outcome of the surgery, (c)
the medical expert testimony used in the cure trial and the main

trial would be duplicative, and (d) there was a need for further discovery.

## LEGAL STANDARD & DISCUSSION

If an injured seaman files a suit for maintenance and cure along with other claims, he may, at a later time, "ask for severance of the maintenance claim and an expedited trial of it by the court." Tate v. Am. Tugs, Inc., 634 F.2d at 871. In determining whether to sever and expedite the cure claims, courts should "consider the plaintiff's interest in expediting trial of these issues, the proximity of the scheduled trial date, whether plaintiff has requested a jury trial, and whether the nonmoving party opposes the motion." Marine Drilling Mgmt. Co. v. Scott, 02-1967, 2003 WL 133218 (E.D. La. Jan. 15, 2003)(internal citation omitted).

Considering the foregoing factors, the Court finds that it must deny Mr. Carbo's motion. While it is undoubtedly true that undergoing the recommended surgery will serve Mr. Carbo's interests by alleviating his pain, the Court finds that the rest of the factors outweigh this interest. Trial[2] is set to occur within about three months, and Defendant has yet to depose Mr.

---

[2] The November 18,2013 trial is a jury trial at the request of both parties.

Carbo or his treating physician at no fault of his own. By the time the depositions could be held and transcribed, and the parties given time to analyze them, it will be the end of September, with trial only about six weeks away. Moreover, Defendant opposes the motion, Plaintiff has requested a jury, and there are many overlapping issues that would best be left to one factfinder, all of which weigh against granting Mr. Carbo's motion.

In <u>Charpentier v. Blue Streak Offshore, Inc.</u>, 96-323, 1996 WL 383126 (E.D. La. July 3, 1996), the court denied a plaintiff's motion to sever and expedite his cure claim, stating the following:

> With less than four months until the scheduled jury trial, and much discovery needed in this case, both the interests of justice and judicial economy are best served by having one trier of fact hear all of the issues involved in this case. A separate hearing on the issue of maintenance and cure is not merited when the trial date is in the near future and discovery is wanting.
>
> Moreover, the issues in this case are based upon a unitary set of circumstances and depend in large part upon the same evidence. In this vein, defendant aptly illustrates that the facts of plaintiff's claims are interwoven—the factual determinations which will be decisive as to what, if any, damages are due may well decide whether any maintenance and cure is due to the plaintiff.

<u>Id</u>. <u>See also</u> <u>Raffield v. Y & S Marine, Inc.</u>, 2008 WL 89006

(motion denied where trial was in two months, discovery was ongoing, defendants opposed the motion, and the delay was unlikely to materially affect the outcome of the proposed surgery); see also Marine Drilling Mgmt. Co. v. Scott, 2003 WL 133218 (motion denied when defendant opposed the motion, there was a likelihood of duplicative testimony, and when trial was five months away and the injury had occurred almost two years prior, indicating that a short, further delay would not alter the outcome of the surgery). The Court finds that the facts of Charpentier and the instant matter are nearly identical, and that the rationale for denying the plaintiff's motion was sound; therefore, the Court adopts this rationale as its own and must deny Mr. Carbo's motion.

Accordingly, Plaintiff's **Motion to Sever Cure Claim and For Expedited Trial Date for the Cure Claim (Rec. Doc. 22)** is **DENIED.**

New Orleans, Louisiana this 14th day of August, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT COURT