UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALD J. CARBO, JR.                          CIVIL ACTION

VERSUS                                        NO: 12-3007

CHET MORRISON SERVICES, LLC                   SECTION: **"J"** (4)


**ORDER AND REASONS**

Before the Court is Defendant Chet Morrison Services, LLC ("Chet Morrison")'s **Motion in Limine to Exclude Plaintiff's Liability Expert, Hector Pazos (Rec. Doc. 55)** and Plaintiff Gerald Carbo ("Carbo")'s opposition thereto (Rec. Doc. 64).[1] Defendant's motion was set for hearing on October 23, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendant's motion should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

**LAW & DISCUSSION**

This case arises from a Seaman's Complaint alleging negligence under the Jones Act and unseaworthiness under general

---

[1] Defendant filed two motions to supplement the motion in limine; however, finding that the supplements were unnecessary, the Court hereby denies the motions to supplement. (Rec. Docs. 68, 69)

maritime law. Carbo also seeks maintenance and cure benefits. The Complaint followed an incident wherein Carbo was allegedly injured when he fell on the stairs of Defendant's vessel, the M/V CAROLINE MORRISON, while retrieving a bowl of grapes from the galley for the Captain of the vessel.[2] During the course of litigation, Carbo retained naval architect/ marine engineer Hector V. Pazos ("Pazos") to inspect the M/V CAROLINE MORRISON and prepare a report of his findings. This report is the focus of the instant motion in limine.

Chet Morrison asks the Court to exclude Pazos' expert report and his proposed testimony arguing that both are based on one-sided statements of facts and inapplicable safety standards. Chet Morrison argues that Pazos' report and his testimony will potentially confuse the jury and are not necessary because they do not address anything that an ordinary juror would have difficulty comprehending. Further, having argued that much of Pazos' report must be stricken, Chet Morrison contends that Pazos should not be permitted to supplement or amend this report because the time for such amendments has elapsed. Chet Morrison further urges that, at trial, if Pazos is allowed to testify, he should not be allowed to testify beyond the four corners of his

---

[2] For a full recitation of the facts, see the Court's Order and Reasons from August 14, 2013. (Rec. Doc. 25).

expert report. Each of Chet Morrison's arguments is treated individually below.

**A. Irrelevance/Inaccuracy of Pazos' Report**

Chet Morrison avers that Pazos' report (a) is based on a one-sided version of the facts, (b) fails to consider the fact that the M/V CAROLINE MORRISON was a Unites States Coast Guard (USCG) inspected Offshore Supply Vessel, which designation brings with it certain regulations that are ignored in the report, and (c) applies irrelevant and improper standards to the vessel.

"[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." In re Katrina Canal Breaches Consol. Litig., 05-4182, 2010 WL 199843 (E.D. La. Jan. 6, 2010)(citing General Electric Capital Business Asset Funding Corp. v. S.A.S.E. Military Ltd., No. 2004 WL 5495590 (W.D. Tx. Oct. 21, 2004)). As such, the Court finds no merit in Chet Morrison's contention that Pazos' report and proposed testimony are based on a one-sided version of the facts. Any attack on the factual basis of Pazos' opinions must be reserved for cross-examination.

Further, though the Court finds merit in Chet Morrison's argument that Pazos' report applies inapplicable standards at

times, the Court does not find that this merits exclusion of the entire report and the entirely of Pazos' proposed testimony.[3] The admissibility of individual regulations and standards is discussed in more detail below.

**1. Admissibility of 46 C.F.R. 72.05-20(n)-(o)/Rise of the Stairs**

Chet Morrison argues that Pazos' report must not include information regarding the rise of the stairs because: (a) the rise of the first and last stairs is irrelevant because Carbo fell on a middle stair, (b) the middle stairs have a height difference of about 3/8ths of an inch, which is inconsequential, and (c) Pazos application of 46 C.F.R. 72.05-20(n)-(o) is improper because it only applies to passenger vessels and the M/V CAROLINE MORRISON is an Offshore Supply Vessel.

The purpose of Title 46, Chapter I, Subchapter H, which is the section of the USCG Regulations that contains the regulation cited to in Pazos' Report, is to "set forth uniform minimum requirements for *passenger vessels*." 46 C.F.R. § 70.01–1 (emphasis added). The M/V CAROLINE MORRISON is not a passenger vessel, but rather is an Offshore Supply Vessel subject to the regulations set forth in Title 46, Chapter I, Subchapter I., and thus any provision under Subchapter H is irrelevant. 46 C.F.R. §

---

[3] See Section E below.

90.05-20 (Subchapter I applies to "[e]xisting offshore supply vessels as defined by § 90.10-40(b), if they are of 100 or more but of less than 500 gross tons.")

Therefore, the defendant's motion in limine will be granted inasmuch as it seeks to exclude the application of Subchapter H of Title 46, specifically, 46 C.F.R. § 72.05-20(n)-(o), in both Pazos' report and proposed testimony. The defendant's motion will be denied, however, insofar as it seeks to exclude any mention of a difference in the rise of the stairs because, regardless of how slight or on which stairs the variation occurs, is relevant to aid the jury in determining the overall condition of the stairs.

**2. OSHA and ANSI Regulations and Standards**

In Pazos' report, he applies a combination of regulations to determine that the handrails, toeboard, nosing on the stairs, and illumination of the stairs in question are unacceptable. Specifically, Pazos applies OSHA standards to the handrails, ANSI standards to the illumination, ANSI and OSHA standards to the toeboard, and USAS standards to the nosing.[4] Chet Morrison argues that the application of these standards and guidelines must be

---

[4] Upon further research, the Court determined that the USAS Standard cited in Pazos' report is merely an out-of-date version of a current ANSI standard, thus the Court will treat the USAS Standard as an ANSI standard. See, The American Society of Safety of Engineers, *ANSI/ASSE A1264.1: Background Materials* http://www.asse.org/publications/standards/a1264/a1264_links.php (last visited Oct. 22, 2013).

stricken from the Report and excluded from Pazos' trial testimony because they are inapplicable to the M/V CAROLINE MORRISON. Chet Morrison argues that the M/V CAROLINE MORRISON is a USCG inspected vessel, so the applicable USCG standards preempt all other general regulations.

Pursuant to rule 29 USC § 653, OSHA has regulatory authority over working conditions for United States employees. However, the statute specifically states that OSHA's authority does not apply to working conditions over which other federal agencies "exercise statutory authority to prescribe and enforce standards." 29 U.S.C. § 653(b)(1). Under 14 U.S.C. § 2, Congress provides the USCG with such statutory authority to create and enforce regulations needed to promote the safety of vessels; therefore, OSHA regulations are pre-empted where USCG regulations apply.

In defining the scope of the USCG's regulatory authority, Congress divided vessels into two categories: "inspected vessels" and "uninspected vessels." Chao v. Mallard Bay Drilling, 534 U.S. 235, 242 (2002). With respect to "inspected vessels", the USCG's statutory authority is broad and pre-empts all OSHA regulations. Id. at 242 ("[T]he Coast Guard and OSHA signed a 'Memorandum of Understanding' . . . evidencing their agreement that . . . OSHA may not enforce the OSH Act with respect to the working conditions of seamen aboard inspected vessels. "); see

also Francois v. Diamond Offshore Co., No. 11-2956, 2013 WL
654635 (E.D. La. Feb. 21, 2013) (Morgan, J.)(citing Chao, 534
U.S. at 243.) This preemption "extends not only to those working
conditions on inspected vessels specifically discussed by Coast
Guard regulations, but to all working conditions on inspected
vessels." Chao, 534 U.S. at 242. Moreover, the Fifth Circuit has
held that a trial court was correct in refusing "to allow
plaintiff to introduce into evidence the OSHA regulations [...]
on sound reasoning that OSHA regulations do not apply to vessels
in navigation." Clary v. Ocean Drilling & Exploration Co., 609
F.2d 1120, 1121 (5th Cir. 1980). Applying this well-established
precedent to the instant case, it is clear that, because the M/V
CAROLINE MORRISON is a USCG Inspected Offshore Supply Vessel,
OSHA regulations are preempted by USCG regulations.

The law surrounding the relevancy of ANSI guidelines is less
clear. In Dixon v. International Harvester Co., 754 F.2d 573,582
(5th Cir. 1985), the Fifth Circuit recognized that it is well-
settled that safety standards, such as ANSI guidelines, are
admissible from a hearsay standpoint, but then went on to discuss
the relevancy of the guidelines. Id. Finding that there was
evidence that the tractor at issue was governed by the cited ANSI
standards, the Dixon court determined that the ANSI standards
concerning logging safety were properly admitted. Id.

Specifically, the Court found that, though the tractor was not generally used for logging purposes, the defendants purchased the tractor with the intent to use it in logging activities and that it was designed for and sometimes used for "skidding," which was an activity regulated by the ANSI standard at issue. Id.

Applying the analysis used in Dixon, the Court concludes that the ANSI guidelines on which Pazos' report relies are irrelevant to the instant matter. The facts that persuaded the Dixon court that the standards were relevant are not present in the instant matter. The structure and construction of stairs on a vessel are not comparable to the broad, general workplace ANSI standards on which Pazos relies.[5] In fact, occupational safety on a vessel and in general workplaces varies enough that not even OSHA regulations apply, thus it is illogical to allow the very similar ANSI guidelines to be relied upon when OSHA regulations have been excluded.  Therefore, upon the conclusion that the probative value of the ANSI standards is overcome by their potential to confuse and mislead the jury,  the Court will grant the motion in limine inasmuch as it pertains to the exclusion of ANSI standards.  Though the OSHA regulations and ANSI standards

---

[5] Additionally, the Court notes that the ANSI standards referenced in Pazos' Report are severely outdated, having been withdrawn and consolidated into one standard, A1264.1, in the 1970s. See, The American Society of Safety of Engineers, *ANSI/ASSE A1264.1: Background Materials* http://www.asse.org/publications/standards/a1264/a1264_links.php (last visited Oct. 22, 2013)

are excluded, Pazos may testify generally regarding his
inspection of the handrails, coaming, nosing, and illumination of
the stairwell.[6]

## B. Universal Formula for Total Step Geometry

Chet Morrison contends that the Universal Formula for Total
Step Geometry does not meet the requirements of <u>Daubert</u> because
its application in a maritime setting is "highly suspect." Chet
Morrison avers that Pazos is the only professional that applies
this formula in maritime settings, and it does not appear in any
scientific publications. In his opposition, Carbo does not
directly respond to Chet Morrison's argument that this formula is
not applied in marine settings. Thus, the only information that
the Court has regarding this formula is that it was developed by
a French architect in the late 1600s, that it is included in the
"Slip and Fall Handbook" by Stephen I. Rosen, that it is often
incorporated in building codes, and that "although some
investigators consider the formula to be far from a perfect one,
ninety (90%) of forward fall accidents" occur on a stairway that

---

[6] Chet Morrison requests that any mention of the illumination of the
stairwell be stricken from Pazos' report because Pazos did not make any
conclusions based on the lights in the stairwell being turned on. Chet
Morrison contends that, because Carbo stated in his deposition that he could
have turned on the lights, Pazos' references to the poor illumination in the
stairwell is irrelevant. The Court must deny the motion in limine on these
grounds because, as was previously noted, such contentions speak to the
factual basis of the expert's opinion and are more approrpriately challenged
via cross-examination.  <u>In re Katrina Canal Breaches Consol. Litig.</u>, 2010 WL
199843.

does not meet this formula. Stephen I. Rosen, SLIP AND FALL HANDBOOK 36 (2003).

Daubert requires that expert testimony be both reliable and relevant. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). In determining whether this standard is met,

> [t]he party offering the expert testimony bears the
> burden of establishing its reliability by a
> preponderance of the evidence. The reliability inquiry
> requires the Court to assess whether the reasoning or
> methodology underlying the expert's testimony is valid.
> The aim is to prevent expert testimony based merely on
> subjective belief or unsupported speculation.

Nugent v. Hercules Offshore Corp., No. 98-3060, 2000 WL 381925, *2 (E.D. La. Apr. 14, 2000)(Vance, J.)(internal citations omitted).

Though there is not specific evidence that this formula is peer reviewed or widely accepted, such Daubert factors are illustrative, and other factors may be considered.  As an engineer who has been in the field for over fifty years, Pazos has the specialized knowledge necessary to testify as an expert as to the dangerousness of the stairs, and he may base his opinion on his personal experience and this formula, which is used by at least some in the field, as is shown by its publication in the Rosen book. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149-152 (1999); Pazos' Curriculum

Vitae, Rec. Doc. 55-2. Pazos' use of this formula differs from his attempted use of the OSHA and ANSI regulations because: (a) the formula is general enough to not mislead the jury, (b) the formula is general enough to be applied to all stairways, (c) the formula is within the realm of general engineering and construction rather than the highly regulated field of workplace safety, and (d) there are no other regulations possibly preempting this formula, as was the case with OSHA and ANSI regulations. Therefore, Carbo meets his burden of proving by a preponderance of the evidence that the Universal Formula for Total Step Geometry is reliable and the motion in limine will be denied as it relates to this issue.

## C. Plaintiff's Medical Condition

Chet Morrison contends that the Background section Pazos' report describes Carbo's medical chronology and claimed injuries, which facts are outside of the scope of a report by an architect/engineer. Therefore, Chet Morrison requests that such information be stricken from the Report. The Court agrees that Pazos is not qualified to discuss Carbo's injuries; therefore, any mention of Carbo's injuries or medical chronology must be stricken from Pazos' report. Further, any mention of the same topics at trial is barred.

**D. Conclusions of Law**

Chet Morrison argues that Pazos makes legal conclusions couched as opinion when he states that the accident was the result of the Captain's negligence, and when he opines that the Captain violated the vessel's "three point contact" rule. Finding that such statements do provide inadmissible legal conclusions, the Court will grant the Defendant's motion on this issue. The legal conclusions that the Captain was negligent, and that his negligence caused Plaintiff's injuries, as well as the legal conclusion that the Captain violated the three-point contact rule[7] must be stricken from the report and excluded from Pazos' testimony at trial.

**E. Four Corners of the Report/ Admissibility of the Report in General**

Chet Morrison argues that, in light of the exclusion of large portions of Pazos' report, as well as the fact that Pazos will be barred from amending his report because the deadline for expert reports have passed, the entire report must be excluded

---

[7] Additionally, the Court finds that Pazos is not qualified to give opinions as to the three-point contact rule and that an expert opinion is not necessary in this area. Pazos is a marine engineer and naval architect, not a safety expert; therefore, he must be barred from rendering opinions about safety procedures on the vessel.  Moreover, a jury does not require an expert's assistance to determine that asking somebody to carry a bowl up a set of stairs would require him to carry the bowl with one hand, thus only hold on to the handrail with one hand. See Robertson v. Cal Dive International, Inc., No. 05-807, 2006 WL 1999210, *2 (E.D. La. July 14, 2006)(Englehardt, J.).

because it does not meet the requirements of Federa Rule of Evidence 702.

Though the many of the bases for Pazos' opinions have been excluded by the Court, this does not necessarily require the exclusion of the entire report. First, not all of Pazos' foundations have been excluded, as the Court determined that the Universal Formula for Step Geometry is admissible. Moreover, experts may testify to "scientific, *technical, or other specified knowledge*." FRE 702 (emphasis added). In <u>Kumho</u>, the Supreme Court specifically uses Pazos' speciality, engineering, as an example of a discipline where these areas often overlap, noting that, though engineering rests on scientific foundations, "personal knowledge or experience" can also be a factor in rending an opinion. <u>See Kumho</u>, 526 U.S. at 150. Thus, having inspected the M/V CAROLINE MORRISON, Pazos's opinions that are based on more than fifty years of engineering experience are reliable in rendering opinions as to the design and construction the stairway.

Moreover, though Chet Morrison argues to the contrary, Pazos' report and testimony will aid the jury. Stairs on a vessel are often very different from the ordinary stairs in a home or building with which a juror would be familiar; therefore, the

Court finds that expert testimony would assist the juror in determining the reasonableness of the stairs on the M/V CAROLINE MORRISON in relation to other stairways in similar vessels. Thus, Chet Morrison's motion is denied in this respect.

Finally, though Carbo has not indicated that he intends to supplement or amend Pazos' report, the Court notes, out of an abundance of caution, that such amendments are not permitted at this late stage of litigation. Therefore, Carbo is confined to his current expert report as redacted in light of the instant Order of this Court.

Accordingly,

Chet Morrison Services, LLC's **Motion in Limine (Rec. Doc. 55)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED THAT** the following parts of Pazos' expert report and testimony are stricken: (1) all OSHA regulations, ANSI guidelines, and USAS standards; (2) the legal conclusions that the Captain was negligent, that his negligence caused Plaintiff's injuries, and that the Captain violated the three-point contact rule; (3) any application of Subchapter H of the USCG Recommendations, including 46 C.F.R. 72.05-20(n)-(o); and (4) any mention of Carbo's injuries or medical chronology. Otherwise, the **Motion in Limine** is **DENIED.**

New Orleans, Louisiana this 23rd day of October, 2013.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE