UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALD CARBO | CIVIL ACTION |
| VERSUS | NO: 12-3007 |
| CHET MORRISON SERVICES, L.L.C. | SECTION: **"J"** (4) |

### ORDER

Before the Court is Defendant Chet Morrison Services L.L.C. ("Chet Morrison")'s **Motion in Limine (Rec. Doc. 74)** and Plaintiff Gerald Carbo ("Mr. Carbo")'s opposition thereto (Rec. Doc. 75). Defendant's motion was set for hearing on November 12, 2013, on the briefs. A jury trial is set in this matter on November 18, 2013. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendant's motion should be **DENIED** for the reasons set forth more fully below.

Chet Morrison requests that the Court exclude or severely limit the expert testimony of Mr. Carbo's economic expert, G. Randolph Rice ("Rice"). Specifically, Chet Morrison argues that one of Rice's calculations regarding Carbo's "potential wage losses formulated on an "expectation" of plaintiff being employed

as a vessel captain or mate on the date of the alleged incident" should be excluded because "it fails to set out the factual information from which he reached his conclusion." Def.'s Opp. Rec. Doc. 74, 74-1.

This Court has previously held that arguments that speak to "the basis and source of" the expert's opinion "are not issues of admissibility appropriate for the Court to assess, rather, they are precisely the type of issues that the jury should determine after cross examination." Lodge v. Doe, No. 11-1257, 2012 WL 3644745, *4 (E.D. La. Aug. 24, 2012) (Barbier, J.). Chet Morrison argues, however, that this Court should "be cautioned against 'the temptation to answer objections to receipt of expert testimony with a shorthand remark that [sic] jury will give it the weight it deserves.'" Def.'s Opp., Rec. Doc. 74-1, p. 4 citing In re: Air Crash Disaster at New Orleans, La., 795 F.2d 1230, 1233-34 (5th Cir. 1986)(internal citation omitted).

The warnings given in Air Crash Disaster, as well as the other cases cited by Chet Morrison, are inapposite because those cases involve evidence that is completely speculative and unsupported by the facts in the record. See Id. (excluding expert testimony based on unrealistic speculations not supported by facts in the record); see also Tyger Construction Co. Inc., v. Pensacola Construction Co., 29 F.3d 137,142-43 (4th Cir. 1994)

(excluding an expert opinion based on an assumption that was contradicted by the parties own admissions in the record). Here, Rice's calculations are not purely speculative because he bases them on: (1) Carbo's deposition testimony that he obtained his Captain's and First Mate's license following the accident at issue, and (2) another Chet Morrison employee's deposition testimony that he makes about $450 per day as a first mate. Moreover, Rice provides an alternative calculation based on Carbo working in his previous capacity rather than as a captain/first mate. Therefore, the jury has both high and low estimates to consider, and there is no reason to predict that it will give too much weight to this one calculation challenged by Chet Morrison. Thus, whatever deficiencies may exist in Dr. Rice's report "do not so offend the *Daubert* reliability standard so as to preclude their admission. 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Hasik v. State Farm Ins. Co., No. 06-6330, 2007 WL 2903224, *1 (E.D. La. Oct. 2, 2007) (Barbier, J.) citing Daubert v. Merrell Dow Pharms., 509 U.S. 579, 596 (U.S. 1993).

Accordingly,

Chet Morrison's **Motion in Limine (Rec. Doc. 74)** is **DENIED.**

New Orleans, Louisiana this 7th day of November, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE